IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ANTHONY PADGETT, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 3:02-CR-21-001 CAR |
| | | Rule 60(b) Motion |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### REPORT AND RECOMMENDATION

Petitioner Padgett was sentenced on February 27, 2003, to serve 145 months imprisonment for Possession of Crack Cocaine With Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), 21 U. S. C. § 841(b)(1)(A)(iii), and 18 U. S. C. § 2.  (Doc. 22).[1]   Padgett had entered into a Plea Agreement with the Government  (Doc. 16), and had pleaded guilty, according to the terms of the Plea Agreement, on October 18, 2002. (Doc. 17).   The Plea Agreement contains no provision that Petitioner's federal sentence was to be run concurrently with any future State sentence as to any related offenses or conduct.   Nonetheless, Petitioner  Padgett filed a PRO-SE MOTION for Clarification of Sentencing Regarding Concurrent Sentences  on May 15, 2007. (Doc. 24).  On June 21, 2007,  The District Court issued a text only docket order in response to Petitioner's Motion, stating the following:

> Defendant requests to have his federal custody sentence run concurrently with his state confinement sentence. ... in order for this to occur, Defendant must receive a "nunc pro tunc designation" that the Court previously, and for good reason, opposed. Accordingly, Defendant's request is DENIED. ORDER denying 24 Motion as to Anthony Padgett.

---

[1] Petitioner's original sentence was reduced to 120 months imprisonment on March 19, 2008, pursuant to crack cocaine amendment. (Doc. 26).

Petitioner Padgett apparently forgot receiving notice of the text only docket order, because on May 16, 2008, he filed a Motion Requesting Status of 24 Motion Requesting Clarification of His February 27, 2003, Sentencing Regarding "Current" Sentence.  (Doc. 27).  This Motion is moot in view of the District Court's ruling on Petitioner's No.24  Motion entered on the Docket on June 21, 2007.

On November 10, 2008, Petitioner Padgett filed **Petitioner's Motion For Relief Pursuant To Rule 60(b) Federal Rules Of Civil Procedure.** (Doc. 28).  Petitioner's Rule 60(b) Motion shows by attachment that he was sentenced on November 10, 2003,  in The Superior Court of Clark County, Georgia, in Criminal Action No.  SU02CR1768 to a term of 10 years in the State Penal System.... "concurrent with any other sentence now serving."    While this sentence is silent as to any other specific sentence which Padgett was serving and was rendered seven months after his federal sentence in this case, Petitioner Padgett contends that the federal District Court intended to run his federal sentence concurrently with this State sentence.  He prays that this Court, "Grant an order allowing that the Petitioner's federal and state sentence be ran concurrent as stated in the February  27, 2003 federal sentencing hearing and the November 10, 2003, State sentencing hearing."

While there may have been some discussion of the possibility of running Petitioner's State sentence concurrent with his federal sentence at the sentencing hearing held by this Court on February 27, 2003, the Court did not enter any order to that effect, nor could it have done so, as the State sentence did not come into existence until November 10, 2003, as shown by Petitioner's attachment to his present Motion.  Moreover, if the State sentence was, in fact, ordered to be run concurrently with Petitioner's federal sentence, then the State sentence is being run concurrently with Petitioner's

2

federal sentence and the point is moot. However, Petitioner Padgett's prayer, that this Court grant an Order allowing his federal sentence to be run concurrently with his State sentence, has already been denied by the District Court in its order issued on June 21, 2007, in reply to Petitioner's Docket No. 24 Motion for Clarification, as noted above.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion For Relief Pursuant To Rule 60(b) be DENIED as failing to state a claim upon which this Court may grant relief. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 2nd day of December 2008.

                    **S/ G. MALLON FAIRCLOTH**
                    **UNITED STATES MAGISTRATE JUDGE**